UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JASON RITCHWOOD,

                Plaintiff,

v.

THOMAS HORTEN, *et al.*,

                Defendants.

Civil Action No. 23-22883 (JXN)(JBC)

**OPINION**

**NEALS**, District Judge

    Before the Court are the application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1-3) and Complaint (ECF No. 1) filed by *pro se* Plaintiff Jason Ritchwood ("Plaintiff") against Defendants Thomas Horten, Mil Val Motors Inc. DBA Essex County Towing ("Essex County Towing"), Township of South Orange, Sean Walker, Alan Dieso, Hipoleto Felix, and John Does 1-8 (collectively, "Defendants"). (ECF No. 1.) For the reasons stated below, Plaintiff's Complaint is **DISMISSED** *with prejudice*.

I.    **BACKGROUND**

    On April 8, 2024, this Court dismissed a complaint ("*Ritchwood I*") filed by Plaintiff, which sought damages from Defendants, Township of South Orange and Essex County Towing, for lack of subject matter jurisdiction. *See generally Ritchwood v. Essex Cnty. Towing*, No. 23-20374, 2024 WL 1537250 (D.N.J. Apr. 8, 2024). Plaintiff appealed, and the Third Circuit affirmed this Court's judgment. *See generally Ritchwood v. Essex Cnty. Towing*, No. 24-1727, 2024 WL 5244549 (3d Cir. Dec. 30, 2024).

    Plaintiff filed the instant Complaint on December 4, 2024. (ECF No. 1.) Plaintiff's new Complaint arises out of the same events, the towing of Plaintiff's car on June 17, 2022, and lists

the Township of South Orange and Essex County Towing once again as defendants. Plaintiff has now, however, added several police officers as defendants and has raised Section 1983 and conversion claims in lieu of his prior replevin claim. (*See id.*)

## II. LEGAL STANDARD

When a litigant petitions the Court to proceed without the prepayment of fees and the petition is granted, the Court has an obligation to screen the complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III. DISCUSSION

### A. Plaintiff's IFP Application

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Here, Plaintiff has provided the requested information in his IFP application. (*See generally* ECF No. 1-3.) Plaintiff represents to making $375 a month from self-employment; Plaintiff's claimed monthly expenses dwarf his monthly

income, totaling $11,400 in transportation as well as "[m]onthly [l]iving, food[,] and other aproximate [sic] expenses on credit." (ECF No. 1-3 at 2-5.) Therefore, because Plaintiff's monthly income is much lower than his monthly expenses, Plaintiff's IFP application is **GRANTED**.

### B. Screening of Plaintiff's Complaint

Plaintiff's complaint is duplicative of the *Ritchwood I* complaint that this Court dismissed with prejudice in April 2024. *See Demby v. Cnty. of Camden*, No. 23-cv-2042, 2023 WL 5970925, at *1 (D.N.J. Sept. 14, 2023). Both complaints allege that Plaintiff's "property" was towed in the presence of police officers or otherwise people "dressed as . . . law officer[s]." (*See, e.g.*, ECF No. 1 at 5.) Indeed, it is well established that a plaintiff may not repackage their previously dismissed complaint by adding new defendants or alternative legal theories. *See, e.g.*, *Ouaziz v. Murphy*, No. 23-cv-2696, 2024 WL 397708, at *5 (D.N.J. Feb. 2, 2024) (citing *Gambocz v. Yelencsis*, 468 F.2d 837 (3d Cir. 1972)) (holding that a plaintiff could not reassert a dismissed claim even where he has added new defendants); *Beasley v. Howard*, 14 F.4th 226, 232 (3d Cir. 2021) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)) (stating that "a plaintiff who asserts a different theory of recovery" in their new suit must have their claim dismissed "when the events underlying the two suits are essentially the same"). Accordingly, Plaintiff's Complaint must be **DISMISSED** *with prejudice*.

### IV. CONCLUSION

For all the reasons set forth above, Plaintiff's IFP Application (ECF No. 1-3) is **GRANTED**, and the Complaint (ECF No. 1) is **DISMISSED** *with prejudice.* An appropriate Order accompanies this Opinion.

**DATED**: January 13, 2026

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge